IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JEANETTE WOOLSEY, *on behalf of R.M.R.*,

                Petitioner,

  v.

DESIREE MITZEL and CHARLES MITZEL,

                Respondents.

Civil Action No.
1:17-CV-0074 (TJM/DEP)

---

APPEARANCES:

FOR PETITIONER:

JEANETTE WOOLSEY, *Pro Se*
132 North Washington Street
Winchester, VA 22601

FOR RESPONDENTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

This is a proceeding that was commenced by *pro se* petitioner Jeanette Woolsey in the United States District Court for the Eastern District of New York and subsequently transferred to this court. The matter has

been styled by the petitioner as seeking habeas relief pursuant to 28 U.S.C. § 2254.

Woolsey's petition was accompanied by an application for leave to proceed in the action *in forma pauperis* ("IFP"). Her petition and IFP application have been forwarded to me for initial review. For the reasons set forth below, petitioner's request for leave to proceed without prepayment of fees is denied, and I recommend that her petition be dismissed.

I.   BACKGROUND

On or about October 3, 2016, petitioner commenced this proceeding in the United States District Court for the Eastern District of New York. Dkt. Nos.1, 2. Named as respondents in the petition are Desiree Mitzel and Charles Mitzel. Dkt. No. 2 at 1. Following the filing of Woolsey's petition, District Judge LaShann DeArcy Hall issued an order dated January 9, 2017, directing that the matter be transferred to this court pursuant to 28 U.S.C. § 1406(a).[1] Dkt. No. 7.

The petition in this matter is rambling, is accompanied by attachments that are disorganized and in some cases illegible, and includes a document entitled "complaint" in which petitioner attempts to assert claims under 42

---

[1] Petitioner recently filed a motion seeking reconsideration of the transferring court's venue decision. Dkt. No. 8. In the event this report and recommendation is adopted, I recommend that motion be denied as moot.

U.S.C. § 1983. *See* generally Dkt. No. 2. Although extremely difficult to discern, petitioner's claims appear to center upon her efforts to obtain the return of her daughter, R.M.R., who is allegedly in the custody of respondents as a result of a determination from the Orange County Family Court and/or the Ulster County Family Court. *Id.*

II.   DISCUSSION

    A.   IFP Application

Petitioner has requested leave to proceed IFP in connection with this proceeding. Dkt. No. 1. When a civil action is commenced in a federal district court, the applicable statutory filing fee must ordinarily be paid.[2] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] Pursuant to section 1915, when a plaintiff seeks leave to proceed IFP, the court must determine whether she has

---

[2]   The filing fee owed by petitioner for commencing this matter will depend on whether her initial pleading is viewed as a habeas petition, in which case the fee is $5.00, or instead as a complaint in a plenary action, which commands a $400 filing fee.

[3]   The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). Section 1915 only provides that a court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915(a) does not require a litigant to demonstrate absolute destitution[.]"); *accord*, *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick,* 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

In support of an IFP application, section 1915 requires that a filing party submit an affidavit reflecting all of her assets. 28 U.S.C. § 1915(a)(1).

Without the submission of a completed financial affidavit, an IFP application is incomplete, and this defect alone warrants its denial. *See, e.g.*, *U.S. v. Copen*, 378 F. Supp. 99, 103 (S.D.N.Y. 1974) ("Leave to proceed in forma pauperis may be obtainable only upon submission by the party of an affidavit made as required by [28 U.S.C. § 1915]."); *accord, Bey v. Syracuse Univ.*, 155 F.R.D. 413, 414 (N.D.N.Y. May 1994) (Scullin, J.).

    The request for leave to proceed in this matter without prepayment of fees is signed by petitioner under penalty of perjury and supplies some of the information concerning her financial status necessary to determine whether she qualifies for IFP status. Dkt. No. 1. Her IFP application is incomplete, however, and does not contain all of the information necessary to permit the court to determine whether she is sufficiently indigent to support her request for IFP status. For example, although her application reveals that she is self-employed and has received money from her self-employment over the past twelve months, petitioner does not disclose the amount of her earnings as required in the form. *Id.* at 1. Without this information, the court is unable to determine whether she qualifies for leave to proceed without prepayment of fees. On that basis I will deny the petitioner's application for IFP status without prejudice to renewal.

B.  Analysis of Petitioner's Claims

As previously noted, while petitioner's pleading is difficult to construe in light of the manner in which it is drafted and organized, it suggests that petitioner purports to bring this proceeding on behalf of R.M.R., who is apparently in the custody of respondents. *See generally* Dkt. No. 2. It further appears that the basis for that custodial arrangement is one or more family court foster care and/or custody determinations. *Id.*

It is well established that a petition for habeas relief pursuant to section 2254 is not an appropriate vehicle for challenging a child custody determination. *Davis v. Baldwin*, 594 Fed. Appx. 49, 50 (2d Cir. 2015). In addition, children in foster care are not in "custody" of the state within the meaning of section 2254. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510-11 (1982); *accord, Middleton v. The Attorneys General of the State of N.Y.*, 396 F.3d 207, 209 (2d Cir. 2005). Accordingly, this court lacks jurisdiction to examine the custody arrangements of R.M.R. by way of a habeas petition. *Middleton*, 396 F.3d at 209.

Although petitioner has selected the wrong procedural vehicle to challenge the custodial circumstances of R.M.R., the court retains the inherent authority to grant her leave to amend her petition to a complaint asserting causes of action pursuant to 42 U.S.C. § 1983. *See, e.g., Becker*

*v. Paterson*, No. 09-CV-0392, 2010 WL 2428024, at *1 (N.D.N.Y. June 10, 2010) (Mordue, J.); *Snyder v. Kelly*, 769 F. Supp. 108, 112 (W.D.N.Y. 1991). Indeed, as was previously noted, it appears that petitioner has attempted to bring a hybrid proceeding by including a document entitled "complaint" and referencing section 1983. Dkt. No. 2 at 16-20.

I recommend against such conversion in this case. In addition to this proceeding, petitioner earlier commenced a separate action under 42 U.S.C. § 1983 presenting the same issues that have been raised in this matter. *See Woolsey v. Mitzel* ("*Woolsey I*"), No. 17-CV-0033 (N.D.N.Y., filed Oct. 5, 2016). The named respondents in this proceeding, Desiree and Charles Mitzel, are named as defendants in that action. *See, e.g., Woolsey I*, No. 17-CV-0033, Dkt. No. 1 at 1. The fact that the two actions are duplicative is evidenced by petitioner's recent submission in *Woolsely I* of what purports to be an amended complaint containing the civil action numbers of both pending actions. *Id.* at Dkt. No. 12. The action now before the court should therefore be dismissed as duplicative of the earlier filed action.[4] *DiGennaro v. Whitehair*, 467 F. App'x 42, 43 (2d Cir. 2012).

---

[4] It appears likely that even if the petition in this matter were properly brought under section 2254, there would be at least two impediments to this court exercising jurisdiction over petitioner's claims. First, it is well established that the domestic relations exception, as recognized by the United States Supreme Court in *Barber v. Barber*, 62 U.S. 582 (1858), "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Because petitioner's primary

7

### C. Certificate of Appealability

To appeal a final order denying a request for habeas relief, a petitioner must obtain from the court a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also* Fed. R. App. P. 22(b)(1) ("[T]he applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). In the absence of a COA, a federal court of appeals lacks jurisdiction to entertain an appeal from the denial of a habeas petition. *Hoffler v. Bezio*, 726 F.3d 144, 152 (2d Cir. 2013). A COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hoffler*, 726 F.3d at 154. A petitioner may demonstrate a "substantial showing" if "the issues are debatable among jurists of reason; . . . a court could resolve the issues in a different manner; or . . . the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks omitted).

---

objective of the petition in this matter appears to be obtaining custody of R.M.R., this domestic relations exception is squarely implicated. Another jurisdictional exception that likely precludes petitioner from collaterally challenging in this court the orders apparently issued by state family court judges is the *Rooker-Feldman* doctrine. That doctrine recognizes that, with the exception of the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). Because this action appears to challenge custodial orders issued by state family court judges, the *Rooker-Feldman* doctrine would preclude this court from exercising jurisdiction over her petition.

8

In this instance I conclude that jurists of reason would not find it debatable as to whether petitioner in this matter may seek habeas corpus relief under section 2254 on behalf of an infant in foster care. Accordingly, I recommend against the issuance of a COA.

### III. SUMMARY, ORDER, AND RECOMMENDATION

The IFP application submitted by petitioner is incomplete because it does not disclose the amount of money earned through her self-employment. Accordingly, her IFP application will be denied. Turning to the merits, I conclude that a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is not appropriately brought on behalf of an infant placed in care of respondents, who appear to be foster parents, pursuant to a family court order. Accordingly, it is hereby

ORDERED that petitioner's application for leave to proceed in this action without prepayment of fees is DENIED without prejudice; and it is further respectfully

RECOMMENDED that the petition (Dkt. No. 2) in this matter be DISMISSED; and it is further

RECOMMENDED that petitioner's motion for reconsideration of the transfer order from the Eastern District of New York (Dkt. No. 8) be DENIED as moot; and it is further respectfully

RECOMMENDED that a certificate of appealability not be issued in this action.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:  February 27, 2017
        Syracuse, New York

*[signature]*
David E. Peebles
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).